

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2005

# Warnock v. Natl Football League

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1530

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Warnock v. Natl Football League" (2005). *2005 Decisions.* Paper 245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1530
_____


ROBERT C. WARNOCK,

*Appellant*

v.

NATIONAL FOOTBALL LEAGUE; ARIZONA CARDINALS, INC. d/b/a ARIZONA
CARDINALS; ATLANTA FALCONS FOOTBALL CLUB LLC d/b/a ATLANTA FALCONS;
BALTIMORE RAVENS LIMITED PARTNERSHIP d/b/a BALTIMORE RAVENS; BUFFALO
BILLS, INC d/b/a BUFFALO BILLS; CHICAGO BEARS FOOTBALL CLUB INC.
d/b/a CHICAGO BEARS; PITTSBURGH STEELERS INC. d/b/a PITTSBURGH
STEELERS LLC; CLEVELAND BROWNS LLC d/b/a CLEVELAND BROWNS; DALLAS
COWBOYS FOOTBALL CLUB LTD d/b/a DALLAS COWBOYS; DENVER BRONCOS
FOOTBALL CLUB d/b/a DENVER BRONCOS; DETROIT LIONS INC. d/b/a DETROIT
LIONS; GREEN BAY PACKERS INC. d/b/a GREEN BAY PACKERS; HOUSTON NFL
HOLDINGS LP d/b/a HOUSTON TEXANS; INDIANAPOLIS COLTS; JACKSONVILLE
JAGUARS LTD. d/b/a JACKSONVILLE JAGUARS; KANSAS CITY CHIEFS
FOOTBALL CLUB INC. d/b/a KANSAS CITY CHIEFS; MIAMI DOLPHINS; MINNESOTA
VIKINGS FOOTBALL CLUB LLC d/b/a MINNESOTA VIKINGS; NEW ENGLAND
PATRIOTS;
NEW ORLEANS SAINTS LP d/b/a NEW ORLEANS SAINTS; NEW YORK FOOTBALL
GIANTS d/b/a NEW YORK GIANTS; NEW YORK JETS FOOTBALL CLUB INC. d/b/a
NEW YORK JETS; OAKLAND RAIDERS LP d/b/a OAKLAND RAIDERS; PANTHERS
FOOTBALL LLC d/b/a CAROLINA PANTHERS; PHILADELPHIA EAGLES; PITTSBURGH
STEELERS SPORTS, INC. d/b/a PITTSBURGH STEELERS; SAN DIEGO CHARGERS
FOOTBALL CO. d/b/a SAN DIEGO CHARGERS; SAN FRANCISCO 49ERS LTD. d/b/a
SAN FRANCISCO 49ERS; SEATTLE SEAHAWKS INC. d/b/a SEATTLE SEAHAWKS; ST
LOUIS RAMS FOOTBALL CO. d/b/a ST LOUIS RAMS; TAMPA BAY BUCCANEERS;
TENNESSEE TITANS LLP d/b/a TENNESSEE TITANS; WASHINGTON FOOTBALL INC.
d/b/a WASHINGTON REDSKINS

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 04-cv-00330)
District Judge: Honorable Joy F. Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
October 21, 2005
Before: SMITH, BECKER and NYGAARD, *Circuit Judges*


(Filed: November 9, 2005)



_____

OPINION

_____

BECKER, Circuit Judge.

   Robert C. Warnock is a municipal taxpayer, residing in Pittsburgh, Pennsylvania.

He alleges in his complaint that the defendants, the National Football League ("NFL")

and all of its member football clubs, including the Pittsburgh Steelers, violated the

Sherman Antitrust Act, 15 U.S.C.S. §§ 1-2, and the Clayton Act, 15 U.S.C.S. § 15, by

acting in concert to force host cities and counties to build new football stadiums and then

lease those stadiums to the clubs under favorable lease terms. Defendants filed a motion

to dismiss the complaint for lack of standing. The District Court held that Warnock was

essentially bringing derivative claims on behalf of Allegheny County and the Sports and

Exhibition Authority of the City of Pittsburgh and that his allegations, taken as true for purposes of the motion to dismiss, did not give rise to standing. The Court concluded that Warnock's injury was not fairly traceable to the conduct of defendants. His injury was that his tax dollars were allegedly being improperly spent on a disputed practice and yet the league and its clubs were not the entity that allegedly improperly distributed the tax dollars. Moreover, the NFL and its clubs did not have the ability to levy and collect taxes from the citizens of Allegheny County. The lawsuit thus failed for lack of constitutional standing. Additionally, the Court held that the suit also failed under the prudential limitations of the municipal taxpayer doctrine. Warnock's claim clearly did not meet the first requirement as no government entity had been sued. As to the second requirement, Warnock was suing for more than equitable relief.

We agree and affirm, essentially for the reasons set forth in Judge Conti's excellent opinion. We also note, in apparent agreement with Judge Conti, *see* 356 F. Supp.2d 535, 545 n.7(W.D.Pa. 2005), that even if Allegheny County was a party to the lawsuit, plaintiff could not meet the more demanding requirements of antitrust standing.

In assessing this issue, we use the framework established in *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983), to consider several factors in an antitrust standing analysis:

> (1) the causal connection between the antitrust violation and the harm to the plaintiff and the intent by the defendant to cause that harm, with neither factor alone conferring standing;

(2) whether the plaintiff's alleged injury is of the type for which the antitrust laws were intended to provide redress;

(3) the directness of the injury, which addressed the concerns that liberal application of standing principles might produce speculative claims;

(4) the existence of more direct victims of the alleged antitrust violations; and

(5) the potential for duplicative recovery or complex apportionment of damages.

*2660 Woodley Rd. Joint Venture v. ITT Sheraton Corp.*, 369 F.3d 732, 740-41 (3d Cir. 2004).

As we see it, the pivotal question here is the "directness" of the victim – as opposed to the injury. We must ask whether there are "more direct victims" of the NFL's alleged violations. *Id.* at 741. It appears to us that Allegheny County and the Sports & Exhibition Authority have been more directly harmed than taxpayers like Warnock. They have allegedly been coerced to offer favorable terms to the Steelers, to the taxpayers' detriment. Therefore, taxpayers would be only indirect victims. Granted, Warnock alleges that the County and the Authority are engaged in an "unholy alliance" with the NFL. However, if that is the case, the County and the Authority would be the proper defendants, not the NFL. Indeed, the District Court properly cited Areeda & Hovenkamp, *Antitrust Law* § 335a (2d ed. 2000), for the proposition that allegations of political influence or conspiracy on the part of the government are not sufficient for standing. 356 F. Supp. at 545 n.7.

Also, one of the essential tenets of antitrust standing is that a plaintiff must

4

generally be a "competitor or customer" of the defendant. This requirement can be fulfilled if the harm to the plaintiff is "inextricably intertwined" with the antitrust conspiracy. *See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 429 (3d Cir. 1993). Here, Warnock is clearly not a competitor. Nor is he a customer in the traditional sense. He has not alleged that he is either a prospective professional football team owner, or that he is an actual consumer of the NFL's products. Unless one concludes that Warnock's harm is "inextricably intertwined" with the alleged violation, which it is not, Warnock is simply a taxpayer with a general grievance.

The judgment of the District Court will be affirmed.

5